JACOB B. DAVIS, Respondent, v. JACOB FRIEDMAN and Others, Copartners, Transacting Business under the Firm Name and Style of J. FRIEDMAN & Co., Appellants.

First Department, April 9, 1920.

**Pleadings — complaint in suit for accounting — demurrer — amendment of complaint — costs.**

In a suit for an accounting as to the plaintiff's share of profits under a contract with the defendants whereby the plaintiff was to receive one-half of the net profits made by selling uniforms and other equipment to the government or other persons on orders therefor obtained for the defendants, directly or indirectly, the defendants being entitled under the agreement to accept orders from or through other persons, and the plaintiff not being entitled to share in the profits made on such orders, the plaintiff merely alleged that he obtained samples of uniforms from the government and assisted the defendants in preparing their bid therefor, and that he fully performed the provisions of the contract and that defendants made large profits from the government orders, etc., but he failed to allege that the orders were procured by him directly or indirectly, pursuant to the terms of the agreement, or that the defendants accepted the same and have earned profits thereon to a share in which he is entitled.

Complaint examined, and *held*, not to state facts constituting a cause of action and that a demurrer thereto should be sustained, but that the plaintiff should be allowed to amend on payment of costs, as the defects in the pleading were due to a failure properly to draft the same.

APPEAL by the defendants, Jacob Friedman and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of July, 1919, overruling defendants' demurrer to the complaint.

*Francis J. Berman*, for the appellants.

*Jacob B. Davis*, respondent in person [*Robert Louis Hoguet*, of counsel; *Ivins, Wolff & Hoguet*, attorneys], for the respondent.

LAUGHLIN, J.:

The demurrer was interposed on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The action is brought for an accounting and for a recovery of the plaintiff's share of profits under a contract in writing made between him and the defendants on the 21st of February, 1917. By the contract the defendants agreed to pay to the plaintiff one-half the net profits made by them in manufacturing for or selling to the United States government, or any officer or department thereof, or any foreign government, officer or department thereof uniforms, clothing or other equipment, or in manufacturing for or selling to any person or corporation having a contract or accepted bid for the manufacture or sale to any such government, officer or department, " provided that " the plaintiff " shall obtain the order of the manufacture or sale of the same " by defendants or cause the order to be obtained by them " directly or indirectly." They agreed to pay one-half of such profits from time to time as they received payments for deliveries made " under said orders " and the balance when they received payment in full for the order. It was agreed that in ascertaining the net profits an appropriate part of overhead charges of the defendants' business should " be treated as an expense." It was further provided that the agreement should apply to any such contract entered into by the defendants or by any person in their behalf or for their benefit; and the plaintiff was authorized to conduct correspondence in their name in negotiating orders or in his own name or in the name of any other person and he was at liberty to have his mail and telegrams " as well as any requisite samples " sent to their office. The plaintiff, however, was not authorized to sign their name to any bid or contract and it was provided that all offers or orders procured by any negotiations in the name of the defendants should first be presented to them for their rejection or acceptance. The plaintiff evidently intended to and attempted to allege that orders were procured

by him directly or indirectly for the defendants pursuant to the terms of the agreement and that they accepted the same and have earned profits thereon to a share in which he is entitled; but these material facts are not alleged. It is merely alleged that the plaintiff obtained samples of uniforms and clothing from the United States government and assisted the defendants in preparing their bid and fully performed the provisions of said contract on his part to be performed; and that the defendants " filled or caused to be filled large orders from the United States Government and manufactured or caused to be manufactured large quantities of uniforms, clothing and other equipment for said government and made delivery of such articles and received in payment for same large sums of money and is still filling or causing to be filled orders for the manufacturing of large quantities of said articles." It is then alleged that the net profits derived from the sale and manufacture of " said uniforms, clothing and equipment have been in the aggregate large and there is now due and owing to the plaintiff a large sum of money as his share of profits for the said partnership;" and that the plaintiff has demanded that the defendants account to him under the terms of the agreement, but that the defendants have disregarded his demands. The prayer for relief is that an account be taken " of all the partnership transactions and of the moneys received and paid by the defendants or by any person on their behalf or for their benefit in relation thereto and that the surplus, if any, be divided between the plaintiff and defendants according to their respective interests."

The difficulty with the complaint is that all of the facts therein alleged may be true without the plaintiff having directly or indirectly procured a single order under the contract. Defendants did not agree not to accept orders from or through others and, therefore, plaintiff is not entitled to share in profits on *all* orders taken by them. His right to share in the profits made by the defendants is confined to orders procured directly or indirectly by him. He alleges that he fully performed the contract, but if that were sufficient under section 533 of the Code of Civil Procedure without stating the facts constituting performance it would not entitle him to recover for he could perform the contract on his part by making reasonable efforts

to obtain orders for the defendants even though he obtained no order. He was only entitled to share in the profits on orders obtained directly or indirectly by him. The mere fact that he assisted them in preparing some bid, which is not otherwise described, even though it was a bid according to samples received by him from the government, is insufficient for he does not allege that they received an order or contract on any bid which he assisted in preparing.

It is not to be presumed that the attorney for the plaintiff would have attempted to collect for his client a share in profits on orders not obtained for the defendants by his client within the terms of the contract; and, therefore, it is to be inferred that the defect in the complaint was due to the failure of the attorney to plead that his client obtained the orders.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs, but with leave to the plaintiff to amend on payment of such costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to amend on payment of said costs.